UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | | |
|---|---|---|
| In re ) | | |
| ) | | |
| JOSEPH P. BROWN, JR. and ) | Case No. 6:12-bk-01140-KSJ | |
| TERRI LYNN BROWN, ) | Chapter 13 | |
| ) | | |
| Debtors. ) | | |

| | | |
|---|---|---|
| JOSEPH P. BROWN, JR. and ) | | |
| TERRI LYNN BROWN, ) | | |
| ) | | |
| Plaintiffs, ) | | |
| vs. ) | Adversary No. 6:12-ap-00174-KSJ | |
| ) | | |
| JP MORGAN CHASE BANK, NA, ) | | |
| ) | | |
| Defendant. ) | | |
| ) | | |
| ) | | |

**MEMORANDUM OPINION DENYING DEFENDANT'S MOTION
TO DISMISS AND GRANTING DEFENDANT'S MOTION TO ABSTAIN**

Plaintiffs own a home in Ocala, Florida (the "Property"). Mr. Brown is a United States Air Force Veteran and former police officer who lost his job during the recent economic downturn. During that time, the Plaintiffs unfortunately got behind on their mortgage payments to the Defendant, JP Morgan Chase Bank ("Chase"). On August 28, 2009, Chase instituted a foreclosure action against the Property.[1] Plaintiffs and the Defendant have litigated issues in this the foreclosure action for over three years, until January 31, 2012, when the Plaintiffs filed this Chapter 13 case.

---

[1] Doc. No. 11 at 1 (Case No. 42-2009-CA-004966).

Plaintiffs listed Chase as a creditor in their bankruptcy. Chase has filed a proof of claim alleging ownership of the note and mortgage secured by the Plaintiff's Property.[2]  Although no other party claims to own the note and mortgage at issue, the Plaintiffs objected to Chase's proof of claim, arguing Chase has not provided proper evidence that it holds the note and mortgage, and therefore, it is not entitled to the amounts sought under its proof of claim.[3]  Plaintiffs, who acknowledge they signed a valid mortgage when they purchased their home, now argue Chase may not enforce the note and mortgage due to defects in the chain of title.[4]

The Parties were directed to mediate their dispute, which ended in an impasse.[5]  Plaintiffs then filed this adversary proceeding and a seven-count complaint.[6]  All seven counts rely on the Plaintiffs' contention that Chase does not have standing to enforce the note and mortgage. Chase filed a motion to dismiss the adversary proceeding under Federal Rule of Civil Procedure 8, or alternatively, to abstain to allow the state court to resolve the standing issues presented to that court over three years ago.[7]

Chase is not entitled to dismissal of this proceeding because the Plaintiffs have stated a proper claim for relief. Under Rule 8, "[a] pleading that states a claim for relief must contain: (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Although Plaintiffs, acting *pro se,* may have stated more than necessary at this initial pleading stage, they

---

[2] Proof of Claim No. 3.
[3] Doc. No. 91 in Case No. 6:12-bk-01140-KSJ.
[4] *Id*.; Doc. No. 1.
[5] Doc. No. 48; Doc. No. 89. The Court notes plaintiffs' Notices of Non-Attendance of Creditor JP Morgan Chase at Mediation (Doc. No. 90, 93) in which the Plaintiffs claim the Defendant failed to have a representative with settlement authority present at mediation.
[6] The seven-count complaint alleges the following causes of action:
    Count I: Valuation of Secured Claim and Avoidance under 11 U.S.C. 506
    Count II: Valuation of Secured Claim and Avoidance under 11 U.S.C. 502
    Count III: Declaratory relief to determine secured status under 11 U.S.C. 506
    Count IV: Declaratory Relief under 28 U.S.C. 2201 and 2202
    Count V: Action to Quiet Title
    Court VI: Permanent Injunction
    Count VII: Determination that defendant is not the holder in due course.
[7] Doc. No. 11.

are held to minimal pleading standards,[8] and a court should scrutinize their pleadings with special care to determine whether a colorable claim exists.[9]

Plaintiffs have stated they own a home encumbered by a note and mortgage. Plaintiffs claim Chase has not provided valid proof of its perfected interest in the Property and, therefore, Chase lacks standing to enforce the note. Plaintiffs have stated a valid claim for relief. Chase's Motion to Dismiss is denied.

Chase alternatively asks the Court to abstain to allow the parties to resolve their dispute in the pending state court forum. Plaintiffs oppose abstention because, understandably, they have spent significant time and money in the state court forum without resolving their dispute with Chase. They are frustrated and very sympathetic parties. The Court however finds permissive abstention is appropriate in this case. The issue of standing to foreclose a residential home primarily is a state law issue best left to the expertise of the state court that has presided over this matter for at least the past three years.

The Court's reasoning in *Kurinsky* is persuasive.[10] In that case, as here, the Debtors alleged that the party claiming a security interest in the Debtors' home lacked standing to foreclose.[11] In *Kurinsky*, the Court found that it had broad discretion under 28 U.S.C. § 1334(c)(1) "to abstain from a hearing or proceeding in the interest of justice or in the interest of comity with state courts or respect for State law."[12] The Court considered factors such as (1) the effect on the administration of the bankruptcy estate; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of state law; (4) the presence of related proceedings in State Court; (5) the substance rather than form of an allegedly

---

[8] *Holsey v. Collins*, 90 F.R.D. 122 (D. Md. 1981).
[9] *Gordon v. Crouchley*, 554 F. Supp. 796 (D.R.I. 1982).
[10] 3:11-bk-4592-PMG; Adversary Proceeding No. 3:12-ap-215-PMG.
[11] Adversary Proceeding No. 3:12-ap-215-PMG, Doc. No. 27 at 1.
[12] 28 U.S.C. § 1334(c)(1) states: "Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11."

core proceeding; and (6) the existence of a right to jury trial.[13] Abstention was appropriate in *Kurinsky* because "(1) the Debtors' claims in the Second Amended Complaint are essentially mortgage issues that are predicated on matters of State law, (2) the claims were the subject of a mortgage foreclosure action that had been pending in State Court for almost two years at the time that the bankruptcy case was filed; and (3) allowing the State Court to resolve the mortgage issues will not adversely affect the Debtors' efforts in their Chapter 13 case."[14]

The same reasoning applies in this case. Once the validity of Chase's standing to enforce the note and mortgage is adjudicated, the parties may return to this Court to administer any claim Chase may have in the Plaintiffs' bankruptcy estate. While the Court is empathetic to the arduous state court foreclosure process, the Bankruptcy Court is not the proper venue to continue this dispute. The standing of the lender to foreclose a mortgage primarily is a state law matter,[15] and justice is better served if the proceeding remained in the state court forum. Allowing the parties to jump the state court tracks and remove their dispute to the federal bankruptcy forum would usurp the state court's authority over its own state law issues, and, equally as troubling, would turn the bankruptcy court into a "last chance" forum to resolve state court mortgage disputes. This the Court declines to do.

Here, state law issues predominate in this Chapter 13 bankruptcy case and are admittedly the sole reason for its filing. The Court will abstain from hearing all issues between the Debtors and Chase on the validity of Chase's claim, including the standing issues, and require the parties to finally resolve their mortgage dispute in state court. If and when Chase establishes a valid claim against Mr. and Mrs. Brown, they can return to this Court to allow the Debtors to propose a repayment plan.

---

[13] *In re Kurinsky*, 12-ap-215 at Doc. No. 27 (citing *FCCI Commercial Insurance Company v. Armour*, 2012 WL 4208056 at 3 (M.D. Fla. 2012).
[14] *Id.*
[15] *See* Catherine Peek McEwen, *Truths about Foreclosure and Bankruptcy Court*, TAMPA BAY TIMES, December 17, 2012 (discussing the limits of the bankruptcy court in adjudicating certain state law matters).

A separate order consistent with this Memorandum Opinion shall be issued.

DONE AND ORDERED in Orlando, Florida on January 8, 2013.

_____
KAREN S. JENNEMANN
Chief United States Bankruptcy Judge